UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERESA PEQUIGNOT, | CASE NO. C10-0442JLR |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, et al., | |
| Defendants. | |

## I.     INTRODUCTION

After filing this complaint on March 15, 2010, over one year ago, Plaintiff Teresa Pequignot has made little effort to prosecute this matter.  On March 14, 2011, after detailing Ms. Pequignot's anemic efforts to advance her claims, the court issued an order "to show cause why this action should not be dismissed as to **all** defendants for failure to comply with Federal Rule of Civil Procedure 4(m), for failure to timely comply with the court's January 10, 2011 order, and for failure to prosecute under Federal Rule of Civil

ORDER- 1

Procedure 41(b)."  (Dkt. # 31 (emphasis in original).)  Ms. Pequignot's response to the court's order was due on Monday, March 28, 2011.  Ms. Pequignot has failed to file a response to the court's March 14, 2011 order to show cause.

Despite repeated extensions of time, and warnings from this court, Ms. Pequignot has failed to adequately pursue her claims and timely respond to court orders.  For these reasons, as explained more fully below, the court DISMISSES this action in its entirety for failure to prosecute, failure to timely comply with Federal Rule of Civil Procedure 4(m), and failure to respond to the court's March 14, 2011 order to show cause.

## II.    BACKGROUND

Ms. Pequignot filed her complaint more than one year ago on March 15, 2010. (Dkt. # 1.)  Pursuant to court order (Dkt. # 7), Ms. Pequignot was required to file the initial Joint Status Report ("JSR") no later than June 28, 2010.  After Ms. Pequignot failed to timely file the JSR, the court issued an order to show cause ("OSC I") why the matter should not be dismissed for failure to prosecute.  (OSC I (Dkt. # 10).)  In response, Ms. Pequignot suggested a revised deadline of "sometime in November 2010."  (Dkt. # 11 at 1.)  To date, however, Ms. Pequignot has never properly filed a JSR on the court's docket.[1]

Although Defendant Law Offices of Karen L. Gibbons, PS, filed a notice of appearance on April 22, 2010 (Dkt. # 5), this defendant has never filed an answer or

---

[1] Ms. Pequignot asserts that the initial JSR "was sent to the Court and to [the] email address for proposed orders on June 28, 2010."  (Dkt. # 11 at 1.)  However, the court notes that nothing was filed on its docket on or about June 28, 2010.  Further, sending a JSR to the court's email address for proposed orders does not constitute proper filing of the JSR.

otherwise responded to the complaint.  Nevertheless, in the more than eleven months that have passed since the notice of appearance was filed, Ms. Pequignot has never moved for an order of default against this defendant.

When Ms. Pequignot failed to serve the remaining defendants within the 120-day time limit of Federal Rule of Civil Procedure 4(m), she requested and received an extension of time until October 20, 2010 to complete service.  (Dkt. ## 12, 13.) Nevertheless, Ms. Pequignot failed to serve any additional defendants by the extended October 20, 2010 deadline.

On November 17, 2010, the court issued its second order to show cause why the complaint should not be dismissed for failure to serve the remaining defendants.  Ms. Pequignot responded by requesting leave to amend her complaint and for a further extension of time to accomplish service of process.  (OSC II (Dkt. # 17).)  On January 10, 2011, the court granted Ms. Pequignot's requests, ordering her to file her amended complaint within ten days, and requiring her to accomplish service on all defendants within twenty days.  (January 10, 2011 Order (Dkt. # 18).)  The court expressly warned Ms. Pequignot as follows:

> This lawsuit has now been pending for more than nine months.  Therefore, failure by Ms. Pequignot to accomplish service of process upon any remaining defendant within the next 20 days will result in dismissal of that defendant without prejudice.

(*Id.* at 4.)

Ms. Pequignot failed to timely file comply with the court's January 10, 2011 order.  Although she filed an amended complaint, it was untimely pursuant to the court's

ORDER- 3

1    order.  (*See* Dkt. # 19.)  Further, although Ms. Pequignot attempted to accomplish service

2    of process on various defendants following the court's January 10, 2011 order, all such

3    attempts were again untimely under the order.  (*See* Dkt. ## 20, 21, 22, 23, 24, 29, 30.)

4         As a result, on March 14, 2011, the court issued its third order to show cause,

5    ordering Ms. Pequignot to respond by March 28, 2011 as to why the action should not be

6    dismissed for failure to comply with Federal Rule of Civil Procedure 4(m), failure to

7    timely comply with the court's January 10, 2011 order, and failure to prosecute under

8    Federal Rule of Civil Procedure 41(b).  (OSC III (Dkt. # 31).)  Although the court's

9    March 28, 2011 deadline has passed, Ms. Pequignot has failed to respond to the court's

10   third order to show cause.

11        In addition, on March 4, 2011, Defendants Deutsche Bank National Trust

12   Company and Bank of America filed a motion to dismiss, which they noted for hearing

13   on Friday, April 1, 2011.  (Mot. (Dkt. # 26).)  Ms. Pequignot's response to this motion

14   also was due on March 28, 2011.  *See* Local Rules W.D. Wash. CR 7(d)(3) ("Any

15   opposition papers shall be filed and served not later than the Monday before the noting

16   date.")  To date, Ms. Pequignot has failed to respond to this motion.  (*See* Dkt. # 26.)

17   Local Rule 7(b)(2) states, in pertinent part, "[i]f a party fails to file papers in opposition

18   to a motion, such failure may be considered by the court as an admission that the motion

19   has merit."  Local Rules W.D. Wash. CR 7(b)(2).

20                        **III.    ANALYSIS**

21        District courts have authority to dismiss actions for failure to prosecute or to

22   comply with court orders.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626,

629-30 (1962) (acknowledging district court's inherent authority to dismiss for failure to prosecute); *Ferdik v. Bonzelet,* 963 F.2d 1258, 1260 (9th Cir. 1992) (acknowledging district court may dismiss action for failure to comply with any court order).  As detailed above, Ms. Pequignot has failed both to adequately prosecute her claims and to comply with court orders.

In deciding whether to dismiss for failure to prosecute or failure to comply with court orders, a district court must consider five factors:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Omstead v. Dell, Inc.,* 594 F.3d 1081, 1084 (9th Cir. 2010); *see also In re Eisen,* 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik,* 963 F.2d at 1260-61 (failure to comply with orders).

The first two factors – the public's interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of dismissal.  The court has spent an inordinate amount of time prodding Ms. Pequignot to timely prosecute her case. The court has issued three orders to show cause in this matter (Dkt. ## 10, 15, 31), and granted multiple extensions of time (Dkt. ## 13, 18).  Further, Ms. Pequignot has not responded to the court's last order to show cause despite the court's warning that it was considering dismissal of her case for failure to prosecute.  (*See* January 10, 2011 Order at 4; OSC III at 4).  Ms. Pequignot's failure to respond hinders the court's ability to prod this case along, and suggests that Ms. Pequignot does not intend to prosecute this matter diligently from here forward.

1    The third factor – prejudice to the opposing parties – also weighs in favor of

2    dismissal.  A rebuttal presumption of prejudice arises when a petitioner unreasonably

3    delays prosecution of an action.  *See Eisen,* 31 F.3d at 1452-53.  Because Ms. Pequignot

4    has failed to respond to the court's last order to show cause, there is nothing on the record

5    to rebut that presumption.

6    The fourth factor – public policy in favor of deciding cases on the merits –

7    ordinarily weighs against dismissal.  However, it is Ms. Pequignot's responsibility to

8    move towards disposition at a reasonable pace, and avoid dilatory tactics.  *See Moffitt v.*

9    *W. Valley Detention Ctr.,* No. EDCV 08-1427-AHS(CW), 2011 WL 499282, at *2 (C.D.

10   Cal. Feb. 9, 2011) (citing *Morris v. Morgan Stanley & Co.,* 942 F.2d 648, 652 (9th Cir.

11   1991)).  Despite the fact that the court has issued three orders to show cause, as well as

12   more than one extension of time with regard to service of process, Ms. Pequignot has

13   failed to timely move her claims forward at a reasonable pace within the course of the

14   past year.  Further, she has now failed to timely respond to both a court order, as well as a

15   motion to dismiss.  In these circumstances, the policy favoring resolution on the merits

16   does not outweigh Ms. Pequignot's failure to respond to the court's order to show cause,

17   to file documents within the time granted, or to respond to a pending motion to dismiss.

18   The fifth factor – availability of less drastic sanctions – also weighs in favor of

19   dismissal.  The court cannot move this litigation forward without compliance with the

20   court's deadlines and orders.  Ms. Pequignot has repeatedly demonstrated that she is

21   unwilling to timely comply with court orders and deadlines.  As noted, the court has now

22   issued three orders to show cause concerning Ms. Pequignot's failure to timely prosecute

ORDER- 6

this matter.  Ms. Pequignot has demonstrated an unwillingness to timely comply with

court orders by filing responsive documents within the time period allowed or taking

other necessary actions to reasonably advance the prosecution of this action.  Indeed, Ms.

Pequignot has failed to even respond, timely or otherwise, to the court's last order.

Under these circumstances, dismissal for failure to prosecute, for failure to timely serve

process under Federal Rule of Civil Procedure 4(m), and for failure to respond to or

timely comply with court orders is appropriate.

Although dismissal may be appropriate, it should not be entered unless a litigant

has been notified that dismissal is imminent.  *See W. Coast Theater Corp. v. City of*

*Portland,* 897 F.2d 1519, 1523 (9th Cir. 1990).  Here, the court provided Ms. Pequignot

with repeated notification that the court was considering dismissal due to various dilatory

actions.  (*See* Dkt. ## 10, 15, 18, 31.)  Under these circumstances, the court has more than

fulfilled its obligation to provide notice.   Because Ms. Pequignot failed to even respond

to the court's last order to show cause (Dkt. # 31), the court concludes that attempting to

provide further warnings would be futile.

## IV.   CONCLUSION

The court has previously and repeatedly warned Ms. Pequignot concerning the

potential consequences of her failure to file documents or accomplish other tasks within

the time period allotted, to comply with or timely respond to court orders, or to otherwise

reasonably advance the prosecution of her claims.  Nevertheless, Ms. Pequignot's

delinquent behavior in prosecuting this action continues unabated as demonstrated by her

recent failure to respond to the court's latest order to show cause, as well as her failure to

respond to a pending motion to dismiss.  Accordingly, pursuant to Federal Rules of Civil

Procedure 41(b) and 4(m), as well as the court's inherent authority to dismiss actions for

failure to prosecute or to comply with court orders, the court DISMISSES Ms.

Pequignot's action in its entirety without prejudice.  The court further STRIKES all

pending motions (Dkt. ## 26 & 32) as moot.

Dated this 30th day of March, 2011.


_____
JAMES L. ROBART
United States District Judge


ORDER- 8